UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **MARCENNE JULESEUS**<br>    **FED. REG. #77079-004** | **CIVIL ACTION NO. 09-1647** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TRIMBLE** |
| **WARDEN JOE P. YOUNG** | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

*Pro se* petitioner Marcenne Juleseus filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241 on September 15, 2009. Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP) and is incarcerated at the Federal Corrections Institution, Oakdale, Louisiana (FCIO). In his complaint petitioner contends that the BOP has miscalculated his sentence and that he is entitled to an earlier release date.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** because petitioner has not demonstrated that he is in custody in violation of the Constitution and laws of the United States.

*Background*

On September 29, 2006, petitioner was arrested when he attempted to enter the country by presenting a passport in the name of Josil Smith. He was charged and convicted of false use

of a passport and on January 29, 2007, he was sentenced to serve 6 months in custody. See *United States v. Marcenne Juleseus*, No. 0:06-cr-60311.

Thereafter petitioner was charged and convicted of illegal re-entry after deportation and, on September 7, 2007, he was sentenced to serve 37 months on that conviction. In imposing sentence, the trial court stated that the sentences should be served concurrently. See *United States v. Marcenne Juleseus*, No. 0:07-cr-60103.[1]

In computing petitioner's sentencing, the BOP concluded that petitioner was entitled to credit on the 6 month sentence from the date of his arrest, September 29, 2006 through March 28, 2007. Thereafter, petitioner was afforded credit for the current sentence from March 29, 2007. [Doc. 1, Att. 3, p. 2, Exhibit A].

On September 10, 2008, while petitioner was incarcerated at the Pine Prairie Corrections Center, he corresponded with the BOP and demanded ". . . credit of six . . . months starting from 9/30/2006 until 3/29/2007. . ." thus providing for a release date of June 3, 2009 instead of December 3, 2009. [Doc. 1, Att. 3, p. 3, Exhibit A-2].

On January 29, 2009, again while incarcerated at Pine Prairie, he submitted a formal inmate grievance requesting that "both . . . sentences run concurrent with each other like the court ordered . . ."[Doc. 1, Att. 3, p. 4, Exhibit A-3]. BOP officials responded and noted, "[t]he Court noted that the intent, at the time of your sentencing, was that your sentences run concurrent with each other; however, no sentence can run concurrent if one has already been completed."

---

[1] During sentencing, petitioner's attorney made the following request, "I would ask the court to direct and order that the defendant receive credit for time served from the date of his initial arrest from the Judge Lenard case [06-60311] because this all was still part of the same factual transaction." Judge Zloch replied, "All right. I am not going to order it. I mean, he is entitled to receive it. At this point the Court – the District Court does not get involved in computation for credit for any other incident or reason that Mr. Juleseus was detained. If that becomes a problem then later on the District Court gets involved, but at this point the Court does not get involved in that but he is

[Doc. 1, Att. 3, p.5, Exhibit A-4]. It was also noted, "[s]ince the term of imprisonment in Case No. 06-60311-CR-LENARD had expired prior to sentencing in Case No. 07-60103-CR-ZLOCH, it is not possible to aggregate these sentences." [Doc. 1, Att. 3, p. 6, Exhibit A-5].

On January 23, 2009, petitioner filed a formal grievance raising the same claims. [Doc. 1, Att. 3 p. 7, Exhibit B]. In February, 2009, the grievance was rejected for the reasons stated above. [Doc. 1, Att. 3, p. 8, Exhibit B-2].

Petitioner appealed to the Regional Administrator raising the same grounds. [Doc. 1, Att. 3, pp. 9-10, Exhibits C and C-2]. On May 4, 2009 the Regional Office denied relief noting:

> … On September 29, 2006, while trying to enter the country aboard a cruise ship, you were arrested by federal authorities after you presented a passport in the name of Josil Smith. On January 29, 2007, you were sentenced in U.S. District Court, Southern District of Florida, Case Number 06-60311-CR-LENARD, to a term of six months in violation of 18 U.S.C. §1543, False Use of a Passport. On September 7, 2007, you appeared in the same court, Case Number 07-60103-CR-ZLOCH, and were sentenced in violation of 8 U.S.C. §1326(a), Illegal Re-entry After Deportation, to a term of 37 months to run concurrent to case number 06-60311-CR-LENARD.
>
> Your sentences were computed and it was determined that your first sentence of six months received jail credit from September 29, 2006, through January 28, 2007, with your sentence beginning January 29, 2007. Your release date was March 28, 2007, via Full Term Release. Your current sentence awards jail credit from March 29, 2007, through September 6, 2007, with your sentence beginning September 7, 2007. You have a release date of December 3, 2009, via Good Conduct Release. Based on this information, your second sentence could not run concurrent to your first sentence because your first sentence expired prior to the imposition of your second sentence.
>
> Bureau of Prisons PS 5880.28, Sentence Computation Manual (CCCA of 1984), quotes Title 18 U.S.C. §3585(b), "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences that has not been credited against another sentence." All time you have spent in custody has been credited toward one of your two federal sentences. Additionally, the transcript you included states

---

entitled to it. He is entitled to it." [Doc. 1, Att. 3, pp. 20-21, Exhibit E].

> the court knew your first sentence was over and that your term of supervised release would run concurrent. Therefore, all time spent in custody has been credited toward your federal sentences, and your request for relief is denied. [Doc. 1, Att. 3, p, 11, Exhibit C-3].

Petitioner then appealed to the National Office arguing,

> . . . Judge Zloch, who had the discretion to take that fact [i.e. that the offenses were related and could have been charged in a single indictment] into consideration, imposed a sentence to run concurrent with the sentence Judge Lenard issued on January 29, 2007, with the stated intent that jail credit would also be concurrently awarded to September 29, 2006. If the Court had predetermined that the Bureau of Prisons (BOP) would not credit Juleseus' sentence for the time he had spent in official detention prior to the date his sentence commenced, the Court would have adjusted the sentence for a period of imprisonment that Juleseus had already served on the related offense.
>
> Accordingly, the BOP should award Juleseus with the jail credit <u>nunc pro tunc</u> to reflect the Court's intent that he served a term of 37 months imprisonment beginning in September 29, 2006, the commencement of his continuous official detention..."

[Doc. 1, Att.3, p. 13, Exhibit D-2]. Petitioner's appeal was rejected for procedural reasons; however, petitioner maintained throughout the process, and in the instant petition, that the Central Office acted in "bad faith" and therefore, when his last appeal was rejected for reasons of form, he filed the instant suit on September 15, 2009.

Petitioner now asks this Court to reduce his ". . . second sentence by [the] six (6) months he had already served on his first sentence, deriving from the same arrest . . ." [Doc. 1, Att. 2, p. 2]. He asks the Court to ". . . depart downward by six (6) months under U.S.S.G. §5K2.0 to compensate for the uncredited time served . . ." *Id.* Finally, petitioner argues that this Court should discern Judge Zloch's intent and adjust petitioner's sentence accordingly and ". . . order the [BOP] to award the Petitioner with the jail credit <u>nunc pro tunc</u> to reflect the Court's intent that he served [sic] a term of 37 months imprisonment beginning on September 29, 2006, the

commencement of his continuous official detention, or the Court should adjust Petitioner's sentence to 31 months imprisonment." [Doc. 1, Att. 2, p. 4].

## *Law and Analysis*

*1.    28 U.S.C. § 2241*

Since petitioner contends that he is entitled to a speedier release from custody, *habeas corpus* provides the appropriate remedy. See *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (explaining that the function of *habeas corpus* is to secure immediate or speedier release from unlawful imprisonment). A petition for a writ of *habeas corpus* under 28 U.S.C. § 2241 is the correct mechanism for challenging the manner in which a sentence is executed. See *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.2001). "The writ of *habeas corpus* shall not extend to a prisoner unless ... [h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3).

*2.    Exhaustion of Administrative Remedies*

Such prisoners must first, however, exhaust administrative remedies prior to presenting their claims in federal court. See *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir.1994). The BOP provides a 3-step administrative procedure for inmates who seek formal review of their complaints. See 28 U.S.C. §§ 542.10-542.19.

Bureau of Prisons Program Statement (PS) 1330.13, Administrative Remedy Program, outlines the procedure and provides detailed guidance regarding the procedures to be employed. Prisoners may first "seek informal review of an issue which relates to any aspect of [their] confinement." 28 C.F.R. § 542.10. If unsuccessful, prisoners must thereafter utilize the formal procedures which involve the filing of a BP-9 (to the Warden), BP-10 (to the appropriate BOP

Regional Office), and BP-11 (BOP National Inmate Appeals) form. *Id. §§ 542.13*, 542.14, 542.15, 542.18. The BP-11 appeal "is the final administrative appeal." *Id. § 542.15*(a). When this three-step review process is complete, the federal inmate's claim can be considered exhausted.

Only when "the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action" are inmates exempted from the requirement that they exhaust administrative remedies prior to proceeding with a *habeas* action in court. *Fuller*, 11 F.3d at 62 (citation omitted). Such exceptions to the exhaustion requirement "apply only in 'extraordinary circumstances,' and [petitioner] bears the burden of demonstrating the futility of administrative review." *Id.* (citations omitted). Thus, if a BOP inmate demonstrates an applicable exception to the exhaustion requirement, he may obtain a merits ruling on his § 2241 petition despite a lack of exhaustion. See *Id.* As shown above, a BOP inmate does not exhaust administrative remedies until such time as he completes the entire 3-step process culminating in the rejection of the BP-11 at the national level.

Petitioner implies that his attempts to exhaust available administrative remedies have been thwarted by the BOP. Since petitioner's claims are manifestly without merit, it will be presumed – for the purposes of this Report only – that he has substantially complied with the exhaustion requirement.

3.   *Title 18 U.S.C. §3585(b)*

For offenses committed after November 1, 1987, federal sentence computation is governed by 18 U.S.C. §3585. *United States v. Wilson*, 503 U.S. 329, 332 (1992). That statute,

entitled "Calculation of a term of imprisonment," provides in pertinent part:

> (b) Credit for prior custody. <u>A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences</u>
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> <u>that has not been credited against another sentence.</u> (Emphasis supplied).

Petitioner was taken into custody by Federal authorities on September 29, 2006. On January 29, 2007, he was sentenced to serve 6 months on the unlawful passport charge and afforded credit against that sentence for the time spent in detention starting September 29, 2006. As a result that sentence was completed prior to the time he was sentenced on the unlawful re-entry charge.

Nevertheless, with regard to the sentence on the unlawful re-entry charge, petitioner has been afforded pre-sentence credit for the time spent in custody from March 29, 2007 (when he completed the 6 month passport sentence) until the date of sentencing. Under the plain language of the above cited statute and BOP regulations, he has received all the credit he is due. *Wilson*, 503 U.S. at 337 (stating that Congress made clear in § 3585(b) that "a defendant could not receive double credit for his detention time").

Further, petitioner contends that the sentencing judge made clear his intention to have both federal sentences served concurrently. That is not the case. When invited to do so, Judge Zloch specifically declined that invitation. [Doc. 1, Att. 3, pp. 20-21, Exhibit E].

*4. "Savings Clause"*

Finally, to the extent that petitioner maintains that he is entitled to relief based on

charging and/or sentencing error, such claims are generally not cognizable in *habeas* actions. A Motion to Vacate Sentence filed pursuant to 28 U.S.C. §2255 allows federal inmates to collaterally attack the legality of their convictions or sentences. See *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir.1990). Federal prisoners may use §2241 to challenge the legality of their convictions or sentences <u>but only</u> if they satisfy the §2255 "savings clause." See *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir.2001). The "savings clause" provides that a federal convict may file a writ of *habeas corpus* pursuant to §2241 if the § 2255 motion's remedy is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255(e). A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena*, 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the §2255 remedy is inadequate or ineffective. *Jeffers v. Chandler,* 253 F.3d 827, 830 (5th Cir.2001); *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir.2000). Petitioner has not shown that he is entitled to relief under the savings clause.

### *Conclusion*

In short, petitioner has not shown that his custody is in violation of the Constitution and laws of the United States; he fails to state a claim for which relief may be granted and dismissal on that basis is appropriate.

Therefore,

**IT IS RECOMMENDED THAT** petitioner's Application for Federal Writ of *Habeas*

*Corpus* Under 28 U.S.C. §2241 be **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Lake Charles, Louisiana, this 18th day of May, 2010.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE